NOT DESIGNATED FOR PUBLICATION

No. 120,206

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GAELAN KERMIT KINDALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Norton District Court; PRESTON PRATT, judge. Opinion filed November 22, 2019.
Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM:  Gaelan Kermit Kindall appeals the district court's revocation of his probation and imposition of his underlying prison sentence, claiming the district court abused its discretion by not reinstating his probation. For reasons more fully explained below, we disagree with Kindall and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement with the State, Kindall pled guilty to one count of aggravated assault. In accordance with the plea agreement, the district court sentenced

1

Kindall to 24 months' imprisonment with 12 months' postrelease supervision but placed him on probation from that sentence for 24 months.

Several months into his probationary period, Kindall admitted to violating his probation and, as a consequence, accepted a voluntary intermediate sanction of two days in jail. A few months later the State sought to revoke Kindall's probation, alleging that Kindall had violated the terms and conditions of his probation by committing battery against a law enforcement officer, failing to maintain employment, consuming or possessing alcohol or testing positive for alcohol on 17 occasions, and failing to comply with outpatient substance abuse treatment.

At the probation violation hearing, Kindall stipulated to the probation violations, except for the commission of a new offense. Based on that stipulation, the district court found Kindall had violated the terms and conditions of his probation.

The State then presented evidence to support its contention that Kindall's probation should be revoked by calling Kindall's probation officer, Ray Dreher, to testify. According to this testimony, within a week of beginning probation, Kindall began to consume alcohol. Kindall was required to submit to a drug and alcohol evaluation which subsequently recommended substance abuse services. But Kindall had problems with treatment and often relapsed, prompting a requirement that he sign a behavior contract. Ultimately, Kindall was unsuccessfully terminated from treatment. In light of Kindall's failure at treatment, Dreher believed Kindall would not change his behaviors because "he feels that as an adult over the age of 21, he should be able to drink and engage in those behaviors, regardless." Dreher believed inpatient treatment was the only program that could help Kindall successfully complete probation, but it was unlikely Kindall would be accepted because the inpatient treatment program focused on drug addiction rather than alcohol addiction.

Kindall admitted to being an alcoholic since the age of 17 and claimed that attending outpatient treatment was difficult because it was hard to drive to Hays from Oberlin with a car that overheats. While he understood the seriousness of his crimes and accepted responsibility for them, Kindall testified his substance abuse treatment was not a serious opportunity for treatment but was just "shooting the breeze" for an hour each week. Kindall did not believe there were any opportunities available for him to get better.

The State asked the district court to revoke Kindall's probation without an intermediate sanction by finding that the public's safety would be jeopardized and Kindall's welfare would not be served by continued probation. Kindall asked the district court for a 180-day sanction and for reinstatement to probation.

The district court revoked Kindall's probation and ordered Kindall to serve his underlying prison sentence. The district court stated:

> "My finding, Mr. Kindall, is that the safety of members of the public will be jeopardized if you are granted probation. I'm also finding that granting you probation again will not serve your welfare. The reason for that is, about your welfare, why I don't think giving you probation again will serve your welfare is you obviously have a very severe alcohol problem. You've been granted opportunities to try to get over that alcohol problem. You still have that alcohol problem.

> "Now, you said there are barriers that have been put in place to getting . . . your outpatient treatment . . . . However, if granted probation, I don't see how things would change, other than what they've already been.

> . . . .

> "So if you're granted probation, I don't see where that would serve your welfare because it's not giving you anything that hasn't already been provided.

The other issue is safety of members of the public would be jeopardized if you continued on probation. My reasoning there, Mr. Kindall, is that the crime in Decatur County was criminal discharge of a firearm. If I remember correctly, you were pretty intoxicated when that happened, and you were within the city limits and fired a gun out your back door. It struck a house and actually went through a wall and lodged in a closet door of an occupied house. Like you say, nobody was injured in that, but it was a very serious situation, and you were under the influence of alcohol at the time.

"While you were on bond from that case, then you committed the crime in this case, which was threatening your parents with a knife. Again, it was while under the influence of alcohol. It seems to be the pattern, Mr. Kindall [and] I don't think you would be doing those things if you had a clear mind, but you're under the influence of alcohol and you do those things. You've obviously got a severe alcohol addiction. You're going to continue to use alcohol, which has been the pattern that you've shown so far.

"And so my finding is, if you continue to be on probation, members of the public are in jeopardy because I can't trust that you're going to use good judgment. Your past behavior shows me you will continue to use alcohol, and when using alcohol, you make bad decisions, such as firing a gun that strikes an occupied house, or threatening your parents with a knife. So I do find that members of the public will be jeopardized if you are granted probation."

Kindall timely appeals.

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING KINDALL'S PROBATION?

Kindall argues the district court abused its discretion by revoking his probation. He claims that because his underlying crime and the probation violations were related to his alcoholism, continued probation would have given him the opportunity for further treatment. The State counters that the district court considered Kindall's individual circumstances when determining that an intermediate sanction would not serve Kindall's welfare and would jeopardize public safety.

4

Once a probation violation is established, the disposition of the case lies within the sound discretion of the district court, so long as that discretion falls within the parameters of K.S.A. 2018 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) based on an error law; (2) based on an error of fact; or (3) one where no reasonable person would take the view adopted by the district court. *State v. Stovall*, 298 Kan. 362, 370, 312 P.3d 1271 (2013). The burden is on the defendant to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). Whether the district court set forth particularized reasons to satisfy K.S.A. 2018 Supp. 22-3716(c)(9)(A) "is a question of law over which an appellate court exercises unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015)." *State v. Fox*, No. 118,019, 2018 WL 3596055, at *1 (Kan. App. 2018) (unpublished opinion).

A district court generally must impose intermediate sanctions before it can revoke an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). But a district court may bypass intermediate sanctions if it finds a statutory exception exists. *State v. Dooley*, 308 Kan. 641, 649, 423 P.3d 469 (2018); see K.S.A. 2018 Supp. 22-3716. One such exception permits probation revocation without imposing intermediate sanctions if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A). Sufficiently particularized findings are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" 308 Kan. at 652. The district court "must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions." *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015).

Here, Kindall stipulated to his probation violations with one exception. The district court found that because of Kindall's serious alcohol problem, the safety of the public would be jeopardized and Kindall's welfare would not be served if Kindall were merely given a 180-day sanction and had his probation reinstated. The district court acknowledged that Kindall experienced barriers to treatment while on probation, such as driving from Oberlin to Hays for outpatient treatment and not having a reliable car, but concluded these barriers would still exist if Kindall's probation was reinstated. The district court also found it unlikely that Kindall would be admitted for inpatient treatment.

The district court found that the safety of the public would be jeopardized by continued probation given Kindall's actions while intoxicated. Kindall had been convicted of firing a gun out his back door within city limits while intoxicated. The bullet went through the wall of an occupied house and lodged in a closet door. While on bond in that case, Kindall committed the underlying crime in the current case—threatening his parents with a knife while intoxicated. The district court found that Kindall was dangerous to the public when he was intoxicated and that his past behavior and own testimony indicated he would not remain alcohol free.

Kindall argues that the district court should have given him another chance at treatment. But the district court's particularized findings, as well as the entire record, support its conclusion that continued probation was inappropriate here. Kindall had failed at treatment, did not think treatment was effective, and felt he should be able to continue to drink alcohol. Moreover, Kindall was dangerous when he was intoxicated. We have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Kindall's probation and impose his underlying prison sentence. There was no abuse of discretion.

Affirmed.